IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAWRENCE HICKMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 2:15cv782-ECM |
| ) | (WO) |
| AMERICAN SPECIALTY ) | |
| ALLOYS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

On August 31, 2020, Plaintiff Lawrence Hickman ("Hickman") obtained a default judgment on his claims of breach of contract and fraud against Defendants American Specialty Alloys, Inc, Revolution Aluminum, LLC, a/k/a/ ASA Metals, LLC, and Roger D. Boggs. Hickman's motion for default judgment was entered on the issue of liability on both claims and damages were awarded on his breach of contract claim. (Doc. 61 at 15). The Court reserved ruling on the issue of punitive damages on Hickman's fraud claim, and his claim for attorney's fees based on the breach of contract claim. (*Id*. at 16). The Court held an evidentiary hearing on September 30, 2020 on the issues of punitive damages and attorney's fees.

In accordance with the prior proceedings and orders of the Court, and upon consideration of the testimony and evidence presented at the September 30, 2020 hearing on damages, and the record as a whole, the Court finds that the Plaintiff is entitled to a default judgment, compensatory damages, punitive damages, and attorney's fees.

The Court previously concluded that, as a matter of law, the Defendants breached the terms of the Promissory Note and General Release Notice resulting in damages to the Plaintiff in the amount of $335,705.04 plus pre- and post-judgment interest. In addition to compensatory damages, Hickman seeks to recover attorney's fees in connection with his breach of contract claims.

When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). An evidentiary hearing may be required to determine the amount of damages, but if the record is sufficient a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

The Court turns first to Hickman's request for an award of attorney's fees based on his breach of contract claims. The Promissory Note in the instant case reads "[s]hould any amounts(s) that become due under this Promissory Note not be paid in full in accordance with its terms and provisions, [ASA] hereby agrees to pay [Hickman] all reasonable associated costs, fees and expenses (including without limitation, attorney's fees) for the collection of same." (Doc. 28-1 at 3). This language makes Hickman eligible for an award of attorney's fees under applicable Mississippi law. *See Harrison v. McMillan*, 828 So. 2d 756, 765-66 (Miss. 2002) (noting that under Mississippi law, attorney fees in breach of contract cases are generally not awarded unless the contract at issue provides for them).

Prior to the evidentiary hearing, counsel for Hickman submitted a declaration, under penalty of perjury, that he is "representing Mr. Hickman on a contingency basis with a flat twenty-five (25) percent fee applied to any award obtained in this matter." (Doc. 68 at 1,

2

para. 4).  At the evidentiary hearing on September 30, 2020, the Plaintiff acknowledged that the only basis for an award of attorney's fees is the provision contained in the promissory note.  Consequently, the amount of fees is calculated based on the contingency fee agreement applied to the damages award for the breach of the promissory note.  The Plaintiff agreed at the hearing that the compensatory damages awarded for the breach of contract claim based on the promissory note were $177,970.  Thus, the amount of attorney's fees to be awarded to Hickman based on the promissory note and his contingency agreement with his attorney is $44,492.50.  The Court finds that the requested amount of attorney's fees is reasonable and will award the Plaintiff attorney's fees of $44,492.50 in accordance with the provision contained in the promissory note.

The Court now turns to the issue of an award of punitive damages on Hickman's fraud claim.  To be entitled to an award of punitive damages on a fraud claim under applicable Alabama law, a plaintiff must prove "by clear and convincing evidence that the defendant consciously or deliberately engaged in . . . fraud . . .." Ala. Code § 6-11-20(a).  Clear and convincing evidence is "[e]vidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion." Ala. Code § 6-11-20(b)(4).  Moreover, "[p]roof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt." *Id*.

Hickman contends that damages in the amount of $355,940.00, which constitutes double the amount of the contract he was fraudulently induced to sign, is an appropriate

3

amount of punitive damages. At the evidentiary hearing on damages, Hickman testified that he met Defendant Boggs in 2007 while working at a steel mill in Mississippi. Hickman then met Boggs again in 2014 when Boggs offered Hickman the job of senior project manager for Boggs' flex mill. Boggs represented to Hickman that he would be a partner in the project. Hickman quit his job as a manager with ThyssenKrupp to work with and for Boggs.

In addition, Boggs represented to Hickman that Hickman could contribute financially to the project, and Boggs would secure Hickman's investment with a promissory note. Boggs represented to Hickman that his financial investment would be a loan to the project and would be returned to Hickman. In order to induce Hickman to contribute financially to the project, Boggs represented to him that the law firm of Butler Snow[1] was retained to represent the corporation. In fact, Boggs told Hickman that Butler Snow was drafting the promissory note. Each page of the promissory note contained the notation "ButlerSnow LLC Attorneys at Law." (Doc. 67, Ex. A at 3). Hickman later discovered that the promissory note was deliberately designed to create the impression that Butler Snow had drafted the document. In reality, Butler Snow did not draft the promissory note.

Based on Boggs' representations, and relying on the promissory note, Hickman "emptied" his 401k retirement plan and wired more than $80,000 to Boggs' personal bank

---

[1] Butler Snow is a large well-known regional law firm that has 337 attorneys in 26 offices across the globe. *See generally* https://www.butlersnow.com/firm/about-us/ (last visited on Oct. 14, 2020).

account.  Hickman told Boggs that the money was "all or close to all" of the money in his retirement account.

In 2015, Hickman received a severance agreement from Boggs and resigned from the company.  (Doc. 68-2).  The severance agreement contemplated Hickman receiving $46,250.04 in severance pay; a $37,500.00 bonus; relocation expenses in the amount of $53,000.00; and loan repayment in the amount of $198,955.00, for a total payment of $335,705.04.  (*Id.*).  Needless to say, Hickman received no money from Boggs or the company.  When Hickman asked why he had not been paid, Boggs said he was "having trouble transferring money out of his account" because of the size of the transfer.  Hickman testified that he would not have wired Boggs the money had he known that Butler Snow was not involved in the transaction.  Hickman further testified that but for Boggs' misrepresentations, he would not have left his job nor would he have transferred any money from his retirement account to Boggs.

To state a claim for fraud, Hickman must establish: (1) a false representation; (2) concerning a material existing fact; (3) reliance upon the false representation; and (4) damages.  *Cockrell v. Pruitt*, 214 So. 3d 324, 338 (Ala. 2016).  As the Court previously concluded, Boggs committed fraud.  (Doc. 61 at 13).  At the evidentiary hearing, Hickman presented clear and convincing evidence that Boggs consciously and deliberately engaged in fraud in his dealings with Hickman.  Boggs deliberately represented to Hickman that the law firm of Butler Snow was representing the corporation to induce Hickman to transfer funds to Boggs.  Boggs' numerous misrepresentations about repayment of the loan and payment of the severance package, coupled with the misleading notation on the promissory

5

note constitute clear and convincing evidence that Boggs consciously or deliberately engaged in fraud sufficient to warrant an award of punitive damages.

Hickman argues that punitive damages in the amount of $355,940.00 is appropriate because the amount equals twice the value of the contract he was fraudulently induced to sign. The amount is slightly more than the severance agreement that Boggs offered to Hickman. Based on the evidence presented at the hearing, the Court concludes Hickman is entitled to an award of punitive damages in the amount of $355,940.00.

## CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that attorney's fees in the amount of $44,492.50 are awarded to Hickman on his breach of contract claims. It is further

ORDERED that punitive damages in the amount of $355,940.00 are awarded to Hickman on his fraud claim.

A separate final judgment will be entered.

DONE this 15th day of October, 2020.

    /s/ Emily C. Marks  
EMILY C. MARKS  
CHIEF UNITED STATES DISTRICT JUDGE